**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Kenneth Dean Haley, | No. CV-02-1087-PHX-DGC (CRP) |
| Petitioner, | **ORDER** |
| v. | |
| Terry L. Stewart; and the Arizona Attorney General, | |
| Respondents. | |

Pending before the Court are Petitioner Kenneth Haley's petition for writ of habeas corpus and United States Magistrate Judge Charles Pyle's Report and Recommendation ("R&R"). Docs. ##1, 41. The R&R recommends that the Court deny the petition. Doc. #41 at 22. Petitioner has filed objections to the R&R. Doc. #46. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.    Background.**

On October 21, 1994, Petitioner stabbed his mother in the neck with a knife and killed his father by repeatedly stabbing him and gouging out his eyes. Months earlier, Petitioner's brother Wesley had assaulted his mother and gouged her eyes out. Petitioner was convicted of first degree murder and aggravated assault following a jury trial in state court. Petitioner was sentenced to consecutive terms of life and fifteen years in prison. Petitioner currently is confined at the Arizona State Prison Complex-Buckeye.

Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Petitioner asserts four claims for relief: (1) the state violated his Fifth, Sixth, and Fourteenth Amendment rights when it introduced at trial undisclosed rebuttal evidence from his sister, Cheryl Martin, (2) the state violated his Fifth and Fourteenth Amendment rights by using the Arizona Victims' Bill of Rights to impede the disclosure of Martin's testimony, (3) the trial court violated his Fifth and Fourteenth Amendment rights by giving a jury instruction on premeditation that failed to distinguish between first and second degree murder, and (4) he received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights. *Id.* Respondents have filed an answer to the petition, arguing that review of the third claim is barred and that all of Petitioner's claims lack merit. Doc. #22.

## II. Standard of Review.

Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C. § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). If Petition has exhausted his claims, the Court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## III. First Claim for Relief – Introduction of Undisclosed Rebuttal Evidence.

Martin testified at trial that Petitioner told her that after Wesley had gouged out their mother's eyes, Wesley told Petitioner: "Well, I did mom. Now you have to do dad."

1  Doc. #41 at 11.  On cross-examination, Martin testified that she had provided this
2  information to state prosecutors a year before trial.  *Id.*  Petitioner objected to Martin's
3  testimony on the ground that the state had not previously disclosed Martin's pretrial
4  statement to the prosecution.  *Id.*  The trial court denied a motion for mistrial on this ground.
5  *Id.*  The Arizona Court of Appeals affirmed, holding that the state had no obligation to
6  disclose Martin's statement under Rule 15.1 of the Arizona Rules of Criminal Procedure.
7  *State v. Haley*, 978 P.2d 100, 124 ¶ 5 (Ariz. Ct. App. 1998), *abrogated on other grounds by*
8  *State v. Thompson*, 65 P.3d 420 (Ariz. 2003).

9  Petitioner claims that the state violated his federal constitutional rights by not
10 disclosing Martin's pretrial statement to the prosecution. Doc. #1 at 5.  The R&R concludes
11 that the state court decision is not contrary to clearly established federal law because the
12 Constitution did not require the disclosure of Martin's statement that was neither exculpatory
13 nor impeachment evidence.  *Id.* at 12-13 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).
14 Petitioner objects to this conclusion, but provides no reason as to why it is incorrect.  *See*
15 Doc. #46.  Petitioner states only that he "objects to the Magistrate's finding that . . .
16 Petitioner's claim[] #1 . . . [was] insufficient to gain habeas relief."  *Id.* at 3-4.

17 Petitioner's objection does not comply with Rule 72 of the Federal Rules of Civil
18 Procedure.  Rule 72 provides that "a party may serve and file *specific written objections* to
19 the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)
20 (emphasis added).  The rule further provides that the district judge "shall make a de novo
21 determination . . . of any portion of the magistrate judge's disposition to which *specific*
22 *written objection* has been made[.]"  *Id.* (emphasis added).  The rule requires specificity for
23 good reason.

24 Congress created the position of magistrate judges to assist district courts in
25 discharging the heavy workload of the federal judiciary. *See* 28 U.S.C. §636; *Thomas v. Arn*,
26 474 U.S. 140, 152 (1985) ("The Act grew out of Congress' desire to give district judges
27 'additional assistance' in dealing with a caseload that was increasing far more rapidly that
28 the number of judgeships.") (citation omitted).  Congress expressly authorized district courts

1  to refer matters to magistrate judges for hearing, report and recommendation, with district
2  courts conducting de novo review only of "those portions of the [magistrate's] report . . . to
3  which objection is made." 28 U.S.C. §636(b)(1). An obvious purpose of this authorized
4  delegation was judicial economy – to permit magistrate judges to hear and resolve matters
5  not objectionable to the parties. *See Thomas*, 474 U.S. at 147-152. This efficiency would
6  be lost if parties were permitted to invoke the de novo review of the district court merely by
7  interposing general, non-specific objections to the magistrate's R&R. Because complete
8  de novo review defeats the efficiencies intended by Congress and guessing at issues is clearly
9  undesirable, circuit courts rightly hold that general objections to an R&R are tantamount to
10 no objection at all. *See Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (stating that word-for-
11 word review of magistrate's report due to general objections would undermine judicial
12 efficiency); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint
13 stating only 'I complain' states no claim, an objection stating only 'I object' preserves no
14 issue for review."); *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.
15 1991) ("A general objection to the entirety of the magistrate's report has the same effect as
16 would a failure to object. The district court's attention is not focused on any specific issues
17 for review, thereby making the initial reference to the magistrate useless."); *United States v.
18 One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (adopting the rule of *Goney*,
19 *Lockert*, and *Howard*).

20      The Court will follow these cases and deem Petitioner's general objection ineffective.
21 Because Petitioner has made no effective objection, the Court is relieved of any obligation
22 to review the Magistrate Judge's conclusion that the first claim for relief lacks merit.
23 *See Thomas*, 474 U.S. at 149 (Section 636(b)(1) "does not . . . require any review at all . . .
24 of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d
25 1114, 1121 (9th Cir. 2003) (same). The Court will accept the R&R with respect to this issue.
26 *See* 28 U.S.C. § 636(b)(1) (the district court "may accept, reject, or modify, in whole or in
27 part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)
28 (same).

- 4 -

1  **IV.   Second Claim for Relief – Use of the Arizona Victims' Bill of Rights.**

2  Prior to trial, Martin had been designated as her mother's representative under the
3  Arizona Victims' Bill of Rights, A.R.S. § 13-4403.[1] Petitioner claims that this designation
4  impeded the disclosure of Martin as a prospective government witness in violation of
5  Petitioner's right to due process of law under the Fifth and Fourteenth Amendments. Doc. #1
6  at 6.[2] The R&R concludes that Petitioner's claim lacks merit because a criminal defendant
7  has no right to the pretrial disclosure of government witnesses under the Due Process Clause
8  and a defendant's right to confront a witness testifying against him under the Confrontation
9  Clause is satisfied by his right to cross-examine the witness at trial. Doc. #41 at 15 (citing
10 *Degan v. United States*, 517 U.S. 820, 825 (1996) ("A criminal defendant is entitled to rather
11 limited discovery, with no general right to obtain the statement of the Government's
12 witnesses before they have testified."); *Pennsylvania v. Ritchie*, 480 U.S. 39, 51-52 (1987)
13 ("The Confrontation Clause provides two types of protections for a criminal defendant: the
14 right physically to face those who testify against him, and the right to conduct cross-
15 examination.")). Petitioner objects to this conclusion on the ground that the designation of
16 Martin as a victim representative eliminated the opportunity to interview Martin before trial
17 and "allowed her testimony to be heard by the jurors without contestation or the critical
18 scrutiny Petitioner was entitled to under due process guarantees." Doc. #46 at 9-10.

19 "[T]he Due Process Clause has little to say regarding the amount of discovery which
20 the parties must be afforded[.]" *Wardius v. Oregon*, 412 U.S. 470, 473 (1973). The Supreme
21 Court has made clear, however, that "'there is no general constitutional right to discovery in
22 a criminal case, and *Brady*, which addressed only exculpatory evidence, did not create

---

[1] The statute provides that "[i]f a victim is physically or emotionally unable to exercise any right but is able to designate a lawful representative who is not a bona fide witness, the designated representative may exercise the same rights that the victim is entitled to exercise. A.R.S. § 13-4403(A).

[2] The Arizona Court of Appeals did not address this issue given its ruling that the state did not improperly fail to disclose Martin's pretrial statement to the prosecution. *Haley*, 978 P.2d at 101 n.2.

one[.]'" *Gray*, 518 U.S. at 168 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (alterations omitted)).

The R&R correctly states that Petitioner had no constitutional right to the pretrial disclosure of Martin as a prospective government witnesses. Doc. #41 at 15 (citing *Degan*, 517 U.S. at 825; *Gray*, 518 U.S. at 168). Petitioner cites no legal authority to the contrary. *See* Doc. # 46. The Court accordingly will accept the R&R's conclusion that the state court decision was not contrary to established federal law. *See United States v. Jones*, 612 F.2d 453, 454 (9th Cir. 1980) ("The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses[.]") (citations omitted); *Turner v. Calderon*, 281 F.3d 851, 868 (9th Cir. 2002) (holding that the state's alleged failure to provide the petitioner with a pretrial list of witnesses could not support habeas relief).

## V.     Third Claim for Relief – Jury Instruction on Premeditation.

Petitioner claims that he was denied the due process guaranteed by the Fifth and Fourteenth Amendments because the trial court's jury instruction on premeditation failed to distinguish between first and second degree murder. Doc. #1 at 7. The R&R concludes that review of this claim is barred for two reasons. Doc. #41 at 16. First, Petitioner procedurally defaulted the claim in state court by not presenting it as a federal constitutional claim, and Petitioner has neither alleged cause or prejudice to excuse the default nor asserted a claim of actual innocence. *Id.* (citing 28 U.S.C. § 2254(b)(1); *Gray*, 518 U.S. at 162 ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.")). Second, the state court found that Petitioner requested the jury instruction language and thus invited the alleged error. *Id.* at 16-17 (citing *Haley*, 978 P.2d at 102; *Leavitt v. Arave*, 383 F.3d 809, 832 (9th Cir. 2004) (stating that a state court decision resting on the invited error doctrine is "an independent state ground that would bar consideration of the issue on habeas review in federal court")). Petitioner objects to the R&R on the ground

that "the state was properly put on notice that the jury instruction was fa[u]lty and that its usage at trial caused Petitioner to endure an unfair trial and violated his right to due process." Doc. #46 at 4-5.

Before seeking a federal writ of habeas corpus, a state prisoner must give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[I]n a federal system, States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). To provide the state with the necessary opportunity, the prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365; *O'Sullivan*, 526 U.S. at 845). The prisoner does not "fairly present" a federal claim to the appropriate state courts unless he "explicitly indicated" that "the claim was a *federal* one[.]" *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis in original); *see Gray*, 518 U.S. at 162-63 ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.") (citing *Picard*, 404 U.S. 270); *Hiivala*, 195 F.3d at 1106 ("To 'fairly present' his federal claim to the state courts, Hiivala had to alert the state courts to the fact that he was asserting a claim under the United States Constitution.") (citing *Duncan*, 513 U.S. at 365).

In this case, Petitioner argued on direct appeal that the trial court's premeditation jury instruction was inconsistent with *Arizona* law because it "defined premeditation as being able to be satisfied with [']instantaneous successive thoughts' but failed to set the balance as set forth by the [Arizona] Appellate Court in *Ramirez*." Doc. #23 Ex. G at 30 (citing *State v.*

- 7 -

1  *Ramirez*, 945 P.2d 376 (Ariz. Ct. App. 1997) (holding that premeditation requires actual
2  reflection)); *see Haley*, 978 P.2d at 102.  Petitioner did not fairly present his claim as a
3  federal one in state court because he did not cite to any specific provision of the federal
4  constitution or to any federal statute or case law.  *See id.*; *Lyons*, 232 F.3d at 670 ("Lyons
5  failed in state court to identify explicitly the claims at issue as *federal* claims, in that he cited
6  neither provisions of federal law nor decisions of federal courts[.]") (emphasis in original);
7  *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("Gatlin's petition for review to the
8  California Supreme Court did not 'fairly present' his due process identification claim.  While
9  Gatlin adequately described the factual basis for his claim, he nowhere identified the federal
10 legal basis for his claim.").

11       If Petitioner were to return to state court now to present the federal claim asserted in
12 his petition, the claim would be precluded as waived and untimely under the Arizona Rules
13 of Criminal Procedure.  *See* Ariz. Rs. Crim. P. 32.2(a)(3) ("A defendant shall be precluded
14 from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on
15 appeal, or in any previous collateral proceeding."), 32.4(a) (providing that post-conviction
16 relief motions under Rule 32 "must be filed within ninety days after the entry of judgment
17 and sentence or within thirty days after the issuance of the order and mandate in the direct
18 appeal, whichever is the later").[3]  Petitioner's third claim for relief is thus technically
19 exhausted but procedurally defaulted.  *See Coleman*, 501 U.S. at 732 ("[A] habeas petitioner
20 who has failed to meet the State's procedural requirements for presenting his federal claims
21 has deprived the state courts of an opportunity to address those claims in the first instance.
22 A habeas petitioner who has defaulted his federal claims in state court meets the technical
23 requirements for exhaustion; there are no state remedies 'available' to him.").  The R&R
24 correctly states that Petitioner has not alleged any cause or prejudice to excuse the default

---

[3]Petitioner does not assert that any exceptions to preclusion apply to this claim.  *See Beaty v. Stewart*, 303 F.3d 975, 987 &  n.5 (9th Cir. 2002) (finding no available state court remedies and noting that the petitioner did not raise any exceptions to Rule 32.2(a)).

- 8 -

1 in state court. Doc. #41 at 16. The Court accordingly will accept the R&R's conclusion that
2 review of this claim is barred because the claim is procedurally defaulted. *See Coleman*, 501
3 U.S. at 732; *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

4 The Court also will accept the R&R's conclusion that review is barred because
5 Petitioner invited the alleged error in the jury instruction. Plaintiff does not object to this
6 conclusion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149;
7 *Reyna-Tapia*, 328 F.3d at 1121.

8 **VI.    Fourth Claim for Relief – Ineffective Assistance of Counsel.**

9 Petitioner claims that he received ineffective assistance of counsel in violation of the
10 Sixth and Fourteenth Amendments because his trial counsel failed to interview Martin prior
11 to trial or have her declared as not protected by the Arizona Victims' Bill of Rights, failed
12 to provide the state's expert with all of Petitioner's medical records prior to trial, and failed
13 to move to suppress blood test results that showed the presence of methamphetamine.
14 Doc. #1 at 8. To prevail on his claims of ineffective assistance of counsel, Petitioner must
15 show that his counsel's representation fell below an objective standard of reasonableness and
16 that Petitioner was thereby prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 686-87
17 (1984). The trial court held an evidentiary hearing on Petitioner's claims and found that
18 Petitioner had failed to show that his counsel's performance was deficient or that he had
19 suffered any prejudice from his counsel's performance. Doc. #23 Ex. M. The Arizona Court
20 of Appeals affirmed, concluding that the trial court did not err in finding that Petitioner had
21 failed to show ineffective assistance of counsel under *Strickland*. Doc. #1 Ex. 2 (Mem.
22 Decision, 2 CA-CR 01-0140-PR (Ariz. Ct. App. Oct. 23, 2001)).

23 The R&R discusses the state court decisions and concludes that Petitioner has not
24 shown that the decisions involved an unreasonable application of established federal law or
25 were based on an unreasonable determination of the facts in light of the evidence presented
26 in the state court proceedings. Doc. #41 at 17-21 (citing *Taylor v. Maddox*, 366 F.3d 992,
27 (9th Cir. 2004) (stating that under the federal habeas statute "a federal court may not second-
28 guess a state court's fact-finding process unless, after review of the state-court record, it

- 9 -

1 determines that the state court was not merely wrong, but actually unreasonable")).
2 Petitioner objects to this conclusion on the ground that the Magistrate Judge did not consider
3 the cumulative effect of counsel's alleged errors. Doc. #46 at 5-6. Petitioner contends that,
4 "[c]ollectively, these missteps by counsel weakened Petitioner's defense severely, so much
5 so that Petitioner's claim of insanity was ignored totally by the jurors." *Id.* at 7.

6 Petitioner's objection lacks merit because the state courts reasonably found that
7 counsel's performance was not constitutionally deficient under *Strickland*. *See* Docs. ##1
8 Ex. 2, 23 Ex. M. Moreover, Petitioner has not shown that the cumulative effect of counsel's
9 alleged errors denied him a fair trial and undermined the confidence in its outcome. *See*
10 *Strickland*, 466 U.S. 686 ("The benchmark for judging any claim of ineffectiveness must be
11 whether counsel's conduct so undermined the proper functioning of the adversarial process
12 that the trial cannot be relied on has having produced a just result."). The Court accordingly
13 will accept the R&R's conclusion with respect to the fourth claim for relief.

14 **IT IS ORDERED:**
15     1.    The Magistrate Judge's Report and Recommendation (Doc. #41) is **accepted**.
16     2.    Petitioner's petition for writ of habeas corpus (Doc. #1) is **denied**.
17     3.    The Clerk shall **terminate** this action.
18 DATED this 11th day of July, 2006.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge